**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

RICARDO CALZADA ORTIZ

           **Debtor**

CASE NO. 13-00723 BKT
**Chapter 13**

**FILED & ENTERED ON 9/30/2014**

## OPINION AND ORDER

Before this court is an Application for Compensation of Attorney filed by Debtor's attorneys, Almeida & Dávila, PSC, ("Debtor's Attorneys") [Dkt. No. 47], Opposition to Application for Compensation of Attorney for Debtor filed by the Chapter 13 Trustee, Alejandro Oliveras Rivera ("Trustee") [Dkt. No. 55], Reply to Trustee's Opposition to Application for Compensation of Attorney for Debtor filed by Debtor's Attorneys [Dkt. No. 62], Answer to Order to State Position as to Debtor's Reply to Trustee's Opposition to Application for Compensation filed by Trustee [Dkt. No. 72], and Reply to Trustee's Answer to Court Order filed by Debtor's Attorneys [Dkt. No. 81]. For the reasons set forth below, Application for Compensation of Attorney is GRANTED in part.

Debtor, Ricardo Calzada Ortiz ("Debtor") retained Almeida & Dávila, PSC as counsel for his Chapter 13 bankruptcy matter. On August 22, 2014, this Court confirmed Debtor's Chapter 13 plan [Dkt. No. 43]. Several months later, on February 20, 2014, Debtor's Attorneys submitted their Application for Compensation of Attorneys [Dkt. No. 47]. The Trustee objected to said application on the following grounds: 1. That it was tardily filed and no cause was given

1

for its late filing; 2. That the August 22, 2014 confirmation order has res judicata effect over the application at issue; 3. That it will unduly burden the rights of creditors; and in the alternative, 4. That the specific entries in the application constitute clerical/secretarial work, or are multiple services lumped together thus they are not compensable.

The court disagrees with the Trustee's arguments that the Debtor's Attorneys' fees should be eliminated in its entirety. P.R. LBR 2016-1(f) states that "[t]he court may approve attorneys' fees in chapter 13 cases at the confirmation hearing without the debtor's attorney filing a detailed application if the fees, costs and expenses [excluding the filing fee] do not exceed $3,000.00." P.R. LBR 2016-1. Nowhere in its text does the aforementioned rule specify a time limitation in which an attorney must file his or her application for compensation. Therefore, as to the Trustee's objection that the compensation at issue be eliminated in its entirety for reasons 1 and 2 abovementioned, it is DENIED.

The Trustee requested that the court establish a new deadline to file an application for compensation, to be applied in the instant case and in future cases. "Rules of procedure are vitally important in judges' efforts to manage burgeoning caseloads with some semblance of efficiency. Within wide limits, it is for courts, not litigants, to decide what rules are desirable and how rigorously to enforce them." Crowley v. L.L. Bean, Inc., 361 F.3d 22, 28 (1st Cir. 2004) (citations omitted). P.R. LBR 2016-1's language does not require or even mention any time limitation to file an application for compensation. The court believes that the proper way to implement a deadline for the filing of applications for compensation post-confirmation is through an amendment or addition to our local rules. While the court is sympathetic to the argument that the granting of the application for compensation will burden the rights of creditors, said

2

argument, in and of itself, is insufficient to warrant superseding the amending or implementation process of our local rules, and/or the denial of Debtor's attorney's fees in their entirety.

Lastly, on September 18, 2014, this Court held a hearing on the matter at hand. At said hearing, Debtor's attorneys acquiesced to a reduction in compensation based on the Trustee's specific entry objections in the amount of $1,045.00. Therefore, the court GRANTS said objections, and reduces the requested attorney's fees accordingly.

WHEREFORE, IT IS ORDERED that the Application for Compensation of Attorney is GRANTED in part, and the Trustee's Opposition to Application for Compensation is GRANTED in part as to the specifically objected amount of $1,045.00.  Debtor's attorneys are granted fees in the total amount of $4,966.00.

In San Juan, Puerto Rico this 30th day of September, 2014.

Brian K. Tester

3